Please call the next case. 312-346 Joseph Ekdahl v. Baloney, Virginia Good morning, Your Honors. May it please the Court, my name is Jason Esmond. I am here on behalf of the plaintiff, Joseph Ekdahl. We are praying that this Honorable Court reverse the decision of the Commission and find that the petitioner's or the plaintiff's current condition of well-being was causally related to his April 27, 2009, work injury. In this case, we have two opinions from medical doctors indicating that the claimant's work injury was a causative factor in his need for ongoing treatment and his condition months later. Isn't the issue really here, to be candid and blunt, the Commission, the arbitrator, they didn't believe the claimant. He gave an inconsistent history of the onset of back problems. He was able to work full duty without restrictions, any problems, didn't say anything about any problems for three and a half months after the accident. He denied back problems on insurance forms, completed shortly before he last worked for the Respondent, but as you know, he had a history documented by Dr. Soriano, his own physician. So what do you do in a case where the Commission just doesn't believe the claimant? Well, in this case, in looking at the Commissioner's decision or the arbitrator's decision, I think he makes some errors, actually, in his decision and misstates some of the claimant's or the petitioner's testimony. He noted in his decision that the petitioner testified that he had never had prior back pain. When he was initially asked, he mentioned that he had had back pain from the soil incident the day before. When he was asked for the first time on cross about a prior injury when he had slipped and fallen on ice a few months prior to his work injury, he agreed with that, too. He did not dispute those. He never indicated that he had never had any prior back pain. He didn't when he filled out the insurance form? Did he indicate that he didn't have any back problems? The insurance form indicated that he did not have a back disorder. He testified that, you know, to his understanding at that point, he didn't have a back disorder. He testified that he didn't know what a back disorder would be quantified as. At that time, he had had an X-ray, which came back normal, and he had had a diagnosis of a strain. To look at those forms and assume that he was not having back pain or didn't have any back pain is also contradictory to the record less than a month prior when he was seen in July. Let me ask you this. Who's Dr. Harrison? Dr. Harrison. Was he at the hospital? The initial doctor at CGH? Other than the initial doctor he saw, I believe. Okay. He treated with Dr. Harrison shortly after the accident. He related a history of facial contusion at work, okay? Yeah. So let's say that he didn't say anything about the back. He also reports to Harrison that he hurt his back the day before the alleged accident at work that's the subject of this case when he picked up a 40-pound bag of soil at home. Now, that doesn't enter into this at all? Sure. I think it does. And the petitioner is not required to show that his work injury is the only cause of his problems. He has to show that it is a causative factor. Now, in that initial record, the day that he had his injury, his concern was mainly with his facial contusions. But that record also does note back pain. It says at that time that he's got back pain that's not new. His testimony, I mean, he initially assumed that he had pulled a muscle. So for him to indicate that this is something that he's had before, I mean, everybody's pulled muscles. I mean, nobody here has never had any back pain. That doesn't restrict you from having a work injury to your back. That next day when he went in, he did report that he had an incident with lifting a bag of soil. I mean, at the top of the form, it does note history may have been given by his wife. That is written at the top. Regardless of whether or not he had had some back pain that prior day, that record also states that his back pain worsened with sudden movement at work yesterday. And so for three-and-a-half months, then, he doesn't make any complaints, right? He doesn't seek any treatment for three-and-a-half months. Does he make any complaints to the supervisor? Not according to his testimony. And then how long after he's terminated does he file a complaint? He seeks treatment in July. He then seeks treatment in August. That would have been around August 17th. The records indicate he may have been terminated shortly after that. His testimony is that he was trying to keep working. He was trying to work through his back pain, that he had pain, but he was trying to work through it. At that point, he had been diagnosed with a strain. He had been told that his x-rays were normal. He was under the impression that it was something that would get better. So he kept trying to work. Once he's terminated, and clearly having some increase in back pain since he had seen the doctor on August 17th, with a consistent report of his injury from April, he has, I mean, at that point his basis for not filing a comp claim is gone. If he's trying to keep his job and not get fired and, you know, work through this pain and not file a claim, once he's terminated, Even if that's true, how does it explain all the inconsistent medical histories he's given to every different doctor? Honestly, I think the only real inconsistency in his records is that July visit, in which it's mentioned that he's got a year of back pain. It mentions that he's got a month of back pain. Both, I mean, that record itself is inconsistent. I don't know what was actually reported at that time. It's giving two different histories. However, his report of his back pain has always been that he's had increase in back pain since this incident in April. That continues to be consistent. When he's getting treatment in August, it continues to be what he tells Dr. Soriano. It's what he tells Dr. Koh. But he didn't tell Dr. Soriano the undisputed injuries of February 24th, 2009, or April 26th, 2008. He told Soriano nothing about those incidents, correct? No, I don't think he was reporting every single incident that he had pulled a muscle in his back or thought he had something minor in his back. He had reported that he had pain about, you know, sometime before, but that had resolved, which is consistent with his record. The record from the day after his injury also notes the slip and fall a few months prior, and he reports that his symptoms resolved after that. He tells Soriano he has a history of back pain, but when he goes to see Koh, he doesn't report any history of any back problems to Koh, and he does not tell Koh about the injury on February 24th, 2009. Can you see the commission looking at this? He doesn't give a consistent history to anybody. Well, I think his history is, I would disagree. I think his history is leaving out minor back strains, which I think if he was pushed for that, maybe he would testify to that. I think maybe if his question from the doctor is, have you had these types of problems before, in which he's having severe pain and pain going down his leg, he may report that, no, I haven't had those types of symptoms. Dr. Koh's report does, however, note the incident of the soil the day before. The report notes that he discussed that with the plaintiff. Dr. Koh's notes in his report also mentions each record he reviewed. He reviewed the records that talk about the slip and fall a few months prior. He's reviewed the record from July that has inconsistent, you know, dates that he's had this back pain. He's reviewed all those records. Dr. Koh reviewed everything and still came to the conclusion that this injury would have been a causative factor. Going back, I'll put it a different way. If the commission doesn't believe the claimant, what are we supposed to do with it? Well, I think you take a look at the testimony. Can we substitute our judgment for the commission on issues of credibility and weight of the evidence? Well, I'm aware that you don't do that. But I believe, like I said, I believe that the arbitrator misstated some of the facts that were in the records. I think he maybe saw the record differently. Maybe he read something differently. I think if you take a close look at the transcript and what was actually testified to, I don't think there are nearly as many inconsistencies as the arbitrator noted. I think his general report of this injury is consistent throughout, and it shows that there was a causative factor with this injury. If the defendant thought that he had, you know, these prior injuries were the cause of his problems, they could have had an examination of their own to testify to that. They could have also required Dr. Koh's testimony to question him about these records that may have been inconsistent. They did not, and the record is in there. Dr. Koh reviewed everything. Soriano, I think, had sufficient information about the injury and what happened to offer a causation opinion also. What we're left with is two doctors with causation opinions and no contrary opinion, indicating that the plaintiff's condition was not related to his work injury. Thank you, counsel. Thank you. Counsel, you may respond. May it please the court, counsel. Good morning. My name is Alpsar Grigalunas, and I'm here on behalf of Maloney Equipment. I would request that this court affirm the commission's decision because it is not against the manifest weight of the evidence. And what I'd like to focus on is the standard of review in this case, which is not really addressed by counsel. In fact, it appears as though he's asking you guys to re-review the facts of the case and find differently from the commission. But as you're very well aware, in order to reverse a question of fact, the plaintiff must show that the commission's decision is against the manifest weight of the evidence. As mentioned in my brief, this Court has often discussed what that means. In order for the decision to be against the manifest weight of the evidence, the test is whether the commission's decision has factual evidence to support its decision. And in order to overturn the decision, this Court must find that no rational trier of fact could agree with the commission's decision. So what do you make of the he's citing the opinions of Coe and the other doctor that establish a causal connection? Well, you know, he does try to tell you that his reports of the history of accident have been consistent. But really all I can see is that before the application for adjustment of claim was filed, he was telling all of his doctors that he had had his back pain for a year, for a month, that this thing has been going on for a really long time. And after he filed the application for adjustment of claim, he starts telling his doctors, oh, well, you know, this has all changed as soon as my accident occurred. Dr. Soriano was not privy to any of the prior medical records. And, in fact, I don't think that Dr. Coe was either. His reports to these doctors, their opinions of causation are based on the – His history, his reports. His history. And he's been found to be not credible by the commission. And so, therefore, it would follow that if he's not credible, why would his reports of his accident and Dr. Coe's opinions and Dr. Soriano's opinions be credible if they're based on non-credible evidence? The commission in this case found that the petitioner is not credible, and there's several – there's myriad evidence in support of that decision. Why don't you summarize that for us briefly? Sorry? Why don't you summarize that for us briefly? Sure. First, the petitioner did not actually testify initially that he had any prior back problems. When he was asked initially, he said he never had any back problems before the accident. It was only uncrossed when he admitted the prior issues that he had been having. He stated that only after the accident did he have constant severe radicular symptoms. However, it was established that he had never treated for three months after the accident. Further, on the day of and the day after the accident, he did not complain of any radicular pain. He testified that the back pain he experienced after the alleged accident was different than his prior episodes. But the medical records from CGH Hospital the day after the accident show that he stated that his back pain was as bad as it was several months ago as it is now. Fourth, he stated in his group insurance form that he had no back problems and testified that he said so at the time because he didn't think his condition was severe enough. But three days later, he went to the emergency room for his back and now he's asking for surgery. I think that's pretty severe. Where's his bag of soil? Where did he make that statement? He made that statement on the day after the accident to Dr. Harrison, I believe you pointed out, at CGH Medical Center. What did he tell Harrison? He told him that he had lifted a 40-pound bag of soil the day before the injury happened. I heard his back lifting soil. Correct. And he didn't testify to that on direct either. So he also reported to his doctors, up until he filed his application for the commission, that he stated that his back pain was not new and he had chronic pain for a year. So all of these things support the commission's decision that the petitioner is not credible. And it follows, and I would argue that Dr. Soriano and Dr. Koh's opinions would also be not credible since their opinions are solely based on the petitioner's reports to them. We have the 40-pound bag of soil. He reported on the day of accident that his back pain is not new. He worked his full-duty job without accommodation or complaint for nearly four months. He didn't undergo any treatment for his back except for that visit to Morrison Hospital and that visit to Morrison Hospital in July. He indicated that he had injured his back for a week, for a month, for a year. We're really not sure. There was no attribution to any type of accident date or injury at work. Counsel states that Dr. Koh's and Dr. Soriano's opinions are unrebutted. In his reply brief, he actually goes so far as to say where the claimant proves causation with unrebutted expert medical testimony, which sufficiently supports a finding of causal connection, a reviewing court may set aside the commission's decision finding no causation. And he quotes the Phillips case that I did a little bit of research myself, and that case has been distinguished. Well, isn't your whole argument, though, that it's not sufficient? Correct. And that's what this Court says. And Sorenson and the Sorenson Court is – – sufficient because of the inconsistencies and they were only told one side, so to speak. Correct. Okay. Correct. So, therefore, based on the fact that the commission found the petitioner to be not credible, I would request that you affirm the commission's decision. Thank you, Counsel. Thank you. Counsel, you may reply. Just briefly, as my opposition mentioned, and mentioned in a brief, and the arbitrator mentioned it, consistently stating that the client denied any prior back pain on direct testimony. I'll note page 17 and 18 of that testimony when I specifically asked him if he had any prior back pain. He said yes, that he had muscle pulls, that he had the day before his work injury when he had lifted a bag of soil. But that pain had resolved by the time he went to work the next morning and suffered his injury. The rest of what are claimed inconsistencies, many of them I think have to do with a person who's suffering from fluctuating back pain, which is indicated that his back pain flares, it gets a little better, it's fluctuating. It's going to wax and wane. It's not constant throughout. When he's reporting certain days when he's having less pain, it's not inconsistent with someone who's suffered an injury, which eventually is diagnosed as an annular tear with a disc herniation. As I've stated, the records from Soriano, the opinions of Soriano and Dr. Koh, along with the totality of the records, I think, support a reversal of this decision. Thank you, counsel. Thank you. For your arguments, the matter was taken under advisement for disposition shall issue.